## Parker *versus* City of Philadelphia.

1. Neither the Board of Health nor any other department of the city of Philadelphia can make a debt or contract, binding the city, unless an appropriation to pay the same has previously been made by councils.

2. By the procurement of the Board of Health certain nuisances were removed for the public good. There was not a sufficient appropriation to pay for the work done under the contract. Assessments were made on the property and about one-half thereof were paid into the city treasury. *Held*, that in equity the money belonged to the contractor, and that he had the right to recover the same from the city, on the ground that the money was received for his use.

January 8th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county*: Of January Term 1878, No. 133.

Case stated wherein Joseph Parker was plaintiff and the city of Philadelphia defendant. The case, as stated, was as follows: " Plaintiff did the work set forth in the exhibit hereto attached, at the times and for the amounts therein specified. The sums paid into the treasury of the defendants and the amount returned to the solicitor of the defendants that claims might be filed according to law, are accurate.

" At the time that plaintiff contracted to do said work, there was appropriated for the removal of nuisances a sufficient sum to pay for the sum due him, but not enough to pay for like debts due others.

" If the court shall be of opinion that defendants are liable to pay for the whole sum due by said exhibit, or any part thereof, then judgment to be entered for the plaintiff, the prothonotary to assess the damages in accordance with said judgment, but if the court shall be of opinion that defendants are in nowise liable, then judgment for them."

The exhibit referred to therein set forth a number of properties from which the plaintiff had removed nuisances, the assessments on the properties therefor, the amounts paid into the city treasury on this account, and the amounts which still remained as liens on the properties. The health officer of the city certified that the work was properly performed, and that the charges were correct. The court entered judgment for defendant, when plaintiff took this writ and assigned this action for error.

· *David W. Sellers*, for plaintiff in error.—As will be seen by the case stated, the plaintiff had removed nuisances prejudicial to the public health at the instance and request of the Board of Health. Although in contemplation of law such a debt incurred to preserve the public health is recoverable from the owners of the estate, and although in fact more than a moiety had been actually paid before suit was brought, yet the court below held that the

11 NORRIS—26

[Parker *v.* City of Philadelphia.]

plaintiff was wholly precluded from a recovery for his work by virtue of the Act of April 21st 1858, Pamph. L. 386. It is contended that work done by the Board of Health in the removal of nuisances is not within the statutory law applicable to the city of Philadelphia as municipal work, and that the prohibitions do not apply. The removal of nuisances is of the same category as expenses incurred in the administration of justice; that is, a function of the Commonwealth and of the county contra-distinguishable from the city or district or borough and paramount thereto: Smith *v.* City, 5 Phila. 1; or the opening of highways, which is a state function, though intrusted to the city: City *v.* Dickson, 2 Wright 247; City *v.* Dyer, 5 Id. 468; Smedley *v.* Erwin, 1 P. F. Smith 448. It is suggested that the true interpretation of this statute is that a debt incurred for purposes municipal in its nature and by officers subject as such to municipal regulation and control are alone meant: Tatham's Appeal, 30 P. F. Smith 470.

It is contended, however, that a previous appropriation had been made in the meaning of the law. The case stated admits that "at the time plaintiff contracted to do said work, there was appropriated, for the removal of nuisances, a sufficient sum to pay him, but not enough to pay for debts due others."

What had plaintiff to do with debts due others? If the knowledge of the law and the appropriation is to be imputed to him, is it not going far enough to hold that if at the time of the contract there is existing an appropriation sufficient to cover the same that the power is full and legal? Must an inquiry be made into all outstanding accounts which thereafter may resort to the same appropriation? Where is the legal power to make such inquiry? See McGlue *v.* City, 32 Leg. Int. 188.

*C. E. Morgan*, Jr., Assistant City Solicitor, and *Wm. Nelson West*, City Solicitor, for the City.—The Board of Health is a department of the city of Philadelphia, and as such is subject to the provisions of said Act of Assembly of April 21st 1858. The effect of the Acts of Assembly to limit the power of the Board of Health and the other departments of the municipality, to bind even by contract has been expressly decided by this court: City *v.* Flanigen, 11 Wright 21; City *v.* Johnson, Id. 382; Bladen *v.* City, 10 P. F. Smith 464; Constitution of 1874, art. 15, sect. 2; Perkins *v.* Slack, 5 Norris 270.

The decision of the Court of Common Pleas, No. 1, in McGlue *v.* City of Philadelphia, *supra*, cited by the plaintiff in error, is, in no way, applicable to this case. In that case a sufficient appropriation had been made by councils prior to the date of the contract; subsequently thereto, and after the commencement of the work by the contractor, councils diverted the appropriation to others. The court held, that the vested rights of McGlue, under

[Parker *v.* City of Philadelphia.]

a valid contract, could not thus be taken from him; that having authorized the contract by a sufficient appropriation, in accordance with the law, councils could not thereafter at their pleasure annul it, and divest him of his rights thereunder.

Mr. Justice TRUNKEY delivered the opinion of the court, January 19th 1880.

That neither the Board of Health nor any other department can make a debt or contract, binding the city of Philadelphia, unless an appropriation to pay the same be previously made by the councils, is settled by statute and judicial authority: Act April 21st 1858, Pamph. L. 386; Bladen *v.* Philadelphia, 10 P. F. Smith 464. It is admitted that, at the date of the contract, there was not a sufficient appropriation to cover it, and pay like debts due to others. The action of the executive officers did not obligate the city as a party to the contract. To so hold would render the statute nugatory. It forbade the contract; and laying and collecting assessments was not a ratification. The treasury is carefully hedged against all inroads by officers of the several departments; exclusive right to open it is vested in the councils; and its safety would be jeoparded the instant it be permitted to others, directly or indirectly, to bind the city for a debt, when there has not been an appropriation.

A single question is presented, namely, whether the money assessed on lots and paid by their owners, for work actually done by the plaintiff, shall swell the city treasury, or go toward compensation of him whose labor gave color of right to the municipal officers to collect that money? The city has money in its treasury, obtained without consideration in fact on its part, which those officers were not bound to levy or receive. By procurement of the Board of Health, nuisances were removed for the public good; and, had an appropriation been made, the land-owners would have been liable to the city for costs of abating them, and the city to the contractor. The sole consideration for the payment of said money, was the work done by the plaintiff. In equity and good conscience it belongs to him. The city is holding it without semblance of moral right, and, we think, contrary to law. It was justly paid by the land-owners, for they enjoyed the labor which authorized the special tax on them; the city is not liable to pay for the labor, and how can it be entitled to the tax? Were a natural person standing in the place of the defendant, none would question the plaintiff's right to recover, on the ground that the money was received for his use. The same principle should be applied to the specific facts in this case.

> Judgment reversed, and now, on the case stated, judgment for the plaintiff for the amount which the "Exhibit" shows the defendant received. The damages to be assessed as provided in the case stated.